IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLUELINX CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:08-CV-2144 |
| | § | |
| PARK CITIES MILLWORK INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Entry of Judgment by Default [Docket Entry # 6]. Plaintiff filed this suit for breach of contract, *inter alia*, based on Defendant's failure to pay certain invoices, on December 4, 2008. The docket sheet reflects the Defendant was properly served with the summons and Complaint on December 12, 2008. Defendant has failed to respond or otherwise appear in this lawsuit. As a result, the Clerk made an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on February 13, 2009. Now, having considered the Motion, the Court finds that it should be **GRANTED,** and hereby enters **FINAL JUDGMENT BY DEFAULT** against the Defendant in this case.

### BACKGROUND

The Plaintiff, BlueLinx Corp., makes the following uncontested allegations: Plaintiff is a Georgia corporation that sold and delivered goods to the Defendant, Park Cities Millwork Inc., a Texas corporation, on credit payable within thirty days of delivery. Defendant accepted the goods as delivered and continued to order more goods from Plaintiff, but failed to pay the balance owed. Plaintiff alleges that this failure to pay the balance owed for the goods constitutes a breach of contract that has resulted in Defendant's unjust enrichment, and asks the Court for damages in the amount of the balance owed plus costs, interest, and attorneys' fees.

**LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 55(a) provides that the clerk must enter a party's default when that party, against whom a judgment for affirmative relief is sought, has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.[1] Rule 55(b) then requires the plaintiff to apply to the district court in order to obtain a *judgment* by default.[2] Under Rule 55(b)(2), the court "may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." However, where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, and where a hearing would not be beneficial, a hearing is not required.[3] Finally, additional requirements for entering a judgment by default apply where judgment is sought against a minor, an incompetent person, or the United States, its officers, and/or its agencies.[4]

**ANALYSIS**

A. <u>Default Judgment</u>

Because the Defendant has failed to appear in this case within the time period mandated by the Federal Rules, the Court must accept the Plaintiff's allegations as true, and hereby finds that the Defendant breached its contract with Plaintiff by failing to pay for the goods ordered from and delivered by Plaintiff under the agreement. This breach resulted in the unjust enrichment of Defendant. The Court further finds that Defendant is not a minor, an incompetent person, or an agency of the United States, and therefore no additional proof is required to enter

---

[1] FED. R. CIV. P. 55(a) (2008).
[2] FED. R. CIV. P. 55(b) (2008).
[3] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).
[4] *See* FED. R. CIV. P. 55(b)(2), (d).

judgment by default under Rule 55(b) or (d). Accordingly, Plaintiff is entitled to an award of damages, and since the Court can determine the amount of damages with certainty from the pleadings and supporting documents, no hearing is required.

B. Damages, costs and attorneys' fees

Plaintiff seeks damages in the amount of $113,953.83 for the balance owed by the Defendant for the goods purchased and accepted. In support of its damages claim, Plaintiff provided the Court with detailed invoices reflecting Defendant's orders and Plaintiff's shipments, and also payments received by Plaintiff from Defendant for the receipt of its products. Since the Defendant has not contested the amounts reflected in these invoices, and because the Plaintiff has provided evidence to the Court to decide the issue of damages with certainty, the Court hereby finds that the Defendant must pay to the Plaintiff damages in the amount of $113,953.83 for its breach of contract.

Additionally, Plaintiff requests the Defendant pay Plaintiff's costs and reasonable attorneys' fees in the amount of $5,000.00.[5] The Court finds this amount reasonable for the services rendered in this case.

As a result, the Court hereby **ORDERS** Defendant to pay Plaintiff damages in the amount of $113,953.83, and reasonable attorneys' fees in the amount of $5,000.00.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is hereby **GRANTED**, and judgment shall be entered against Defendant as stated above, plus costs and

---

[5] The affidavit of Charles Shipman, counsel for Plaintiff, states that he performed the following tasks on behalf of Plaintiff: "Client consultation to ascertain background and nature of dispute; reviewed file in preparation for filing lawsuit; prepared Plaintiff's Original Complaint; coordinated service of process on Defendants; and prepared Plaintiff's Request for Entry of Default Judgment, with attached affidavit, proposed Order of Default Judgment and Clerk's Entry of Default Judgment." The Court finds that each of these tasks is reasonable and necessary to the prosecution of the instant case, and that $5,000.00 is reasonable compensation for such services.

post-judgment interest on all amounts awarded.

SO ORDERED this 12th day of March, 2009.

                                **BARBARA M. G. LYNN**
                                **UNITED STATES DISTRICT JUDGE**
                                **NORTHERN DISTRICT OF TEXAS**